IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LINDA SUE BRADLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:14-05052-DGK-SSA |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER AFFIRMING COMMISSIONER'S DECISION

Plaintiff Linda Sue Bradley seeks judicial review of the Commissioner of Social Security's denial of her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff had a severe impairment, osteoarthritis, but retained the residual functional capacity ("RFC") to perform work as an information clerk and assembler.

After carefully reviewing the record and the parties' arguments, the Court holds the ALJ's decision is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Factual and Procedural Background

The medical record is summarized in the parties' briefs and is repeated here only to the extent necessary.

Plaintiff filed her application on April 27, 2011, alleging a disability onset date of June 18, 2010. The Commissioner denied Plaintiff's application at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a video hearing, and on November 30, 2012, issued his decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request

for review on February 27, 2014, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all of her administrative remedies and judicial review is now appropriate under 42 U.S.C. § 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner's decision to deny SSI benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). The court must "defer heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The court may reverse the Commissioner's decision only if it falls outside of the available "zone of choice," and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner*, 646 F.3d at 556.

## Analysis

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. § 416.920(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Plaintiff contends the ALJ committed reversible error at step four because: (1) substantial evidence does not support the RFC determination; (2) the ALJ failed to provide a narrative link between the evidence and the RFC determination; and (3) the ALJ failed to develop the record. Plaintiff also contends the ALJ erred at step five by incorporating the flawed RFC determination into the ALJ's hypothetical question to the vocational expert ("VE"). These claims are without merit.

A.  **Substantial evidence supports the RFC determination.**

It is the claimant's burden to prove her RFC. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). A claimant's RFC is based on the combined effects of all of her credible limitations. 20 C.F.R. § 416.945. In determining a claimant's RFC, the ALJ considers a host of factors, including the claimant's medical history, medical signs and laboratory findings, effects of treatment, reports of daily activities, lay evidence, recorded observations, medical source statements, effects of symptoms, and attempts to work. SSR 96-8p. Although medical opinion evidence is a part of what the ALJ considers in formulating a claimant's RFC, the ALJ must formulate the RFC based on *all* of the relevant, credible evidence of record. *Eichelberger*, 390 F.3d at 591. The ALJ is not limited to looking at the medical evidence only. *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007).

The ALJ found Plaintiff retained the ability to perform light work if allowed to alternate sitting and standing positions for up to thirty-minute increments, and that she could perform mentally unskilled work only. The ALJ found Plaintiff's statements concerning the limiting

3

effects of her symptoms not credible to the extent they indicated she could not perform light work with these restrictions. R. at 17-20.

Plaintiff does not challenge this credibility determination.[2] Instead, Plaintiff argues the ALJ erred in not giving greater weight to the opinions of her treating psychiatrist, Dr. Modasar Shah, M.D., and a state agency medical consultant, Dr. Donald Wantuck, M.D.

Where the record contains differing medical opinions, it is the ALJ's responsibility to resolve conflicts among them. *Finch v. Astrue*, 547 F.3d 933, 936 (8th Cir. 2008). The ALJ must assign controlling weight to a treating physician's opinion if that opinion is well-supported and consistent with other evidence in the record. 20 C.F.R § 416.927(c)(2). "[A]n ALJ may credit other medical evaluations over that of the treating physician when such other assessments are supported by better or more thorough medical evidence." *Martise v. Astrue*, 641 F.3d 909, 925 (8th Cir. 2011). If an ALJ discounts a treating physician's opinion, he must give "good reasons" for doing so. *Dolph v. Barnhart*, 308 F.3d 876, 878-79 (8th Cir. 2002).

The ALJ gave good and well-supported reasons for discounting Dr. Shah's opinion. First, as the ALJ noted, the form Plaintiff's counsel provided for Dr. Shah to fill-out provided for check-box responses without any open-ended questions or space provided for narrative answers, which limited the form's evidentiary value. R. at 15, 302-03. Opinions in this form carry little evidentiary value. *See Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012) (upholding ALJ's decision to give little weight to treating physician's opinion given on conclusory checkbox form). Second, Dr. Shah's statements that Plaintiff was "markedly limited" in her ability to

---

[2] The ALJ found Plaintiff's statements concerning the limiting effects of her symptoms not credible to the extent they were inconsistent with his RFC determination because: (1) her fifteen year sporadic work history indicated a lack of interest in working; (2) she reported she stopped working not because she was disabled, but because her employer downsized her [during her hearing she testified she stopped working because she was incarcerated]; (3) her statements were inconsistent with the objective medical evidence; (4) her statements were inconsistent with her self-reported daily activities; (5) she exaggerated a limp during a medical examination; and (6) she exhibited drug seeking behavior on numerous occasions, becoming angry when denied narcotic medication. R. at 18-19. These findings are supported by the record. R. at 52-53, 210, 265, 287, 289, 297, 329.

4

interact appropriately with co-workers conflicted with Plaintiff's own statements that she had no such problems. R. at 162, 302-03. When a medical opinion is inconsistent with the medical evidence as a whole, the ALJ does not err in giving that opinion less weight. *See Travis v. Astrue*, 477 F.3d 1037, 1041 (8th Cir. 2007).

Similarly, the ALJ did not err in not fully adopting Dr. Wantuck's opinion. The ALJ accepted his conclusion that Plaintiff could perform some work but rejected his suggestion that Plaintiff could not lift and carry more than ten pounds. R. at 20. The ALJ obviously found Plaintiff less credible than Dr. Wantuck and gave little weight to her claim that she lacked the physical attributes necessary to perform light work. While the ALJ could have elaborated on his reasons for not accepting this portion of Dr. Wantuck's opinion, given the overwhelming evidence that Plaintiff was not credible and was capable of working, this is not reversible error. At worst, it was a deficiency in opinion writing technique, which does not require reversal or remand. *See Hepp v. Astrue*, 511 F.3d 798, 806 (8th Cir. 2008) (holding a deficiency in opinion writing does not require the court to set aside the Commissioner's decision where the error had no bearing on the outcome).

**B.     The ALJ's opinion provided a sufficient narrative link between the evidence and the RFC determination.**

There is also no merit to Plaintiff's suggestion that the ALJ's opinion did not include a sufficient narrative link between the RFC determination and the evidence. As a threshold matter, although the ALJ's RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, and cite specific evidence, the ALJ need not follow each RFC limitation with a *list* of the specific evidence on which the ALJ relied. SSR 96-8p. Such a requirement is inconsistent with the standard of review which mandates the court's decision be based on "all of the relevant evidence." *Cf. McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir.

2000) (discussing the applicable standard of review). Imposing such a requirement would result in ALJs writing longer decisions containing duplicative discussions of the evidence, an exercise which would increase the amount of time it takes to write a decision without improving the quality of the decision. *Hilgart v. Colvin*, No. 6:12-03022-DGK, 2013 WL 2250877, at *4 (W.D. Mo. May 22, 2013). The ALJ spent three and a half pages explaining how he formulated Plaintiff's RFC, including making detailed credibility findings and discussing and comparing the different medical opinions. R. at 17-20. This provided a sufficient narrative bridge between the evidence and the RFC determination.

**C. The ALJ did not err by failing to develop the record further.**

Plaintiff also alleges that the ALJ failed to fully and fairly develop the record. Plaintiff contends the ALJ should have ordered additional testing to determine Plaintiff's capacity to perform light unskilled work with a sit/stand option.

Again, it is the claimant's burden to prove her RFC, not the Commissioner's. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). The ALJ has a duty to develop the record only when a crucial issue is undeveloped and the evidence is insufficient to allow the ALJ to form an opinion. *Martise*, 641 F.3d at 926-27. Here, the ALJ possessed sufficient information to determine that Plaintiff could perform light work if permitted to alter sitting and standing positions. Therefore, the ALJ did not err in declining to order additional testing.

**D. The ALJ properly relied on the VE's testimony.**

Finally, the Court finds no merit to Plaintiff's claim that the ALJ erred in relying on the VE's answer to the hypothetical question. Plaintiff's argument assumes that the RFC determination was itself flawed, but as discussed in part A above, substantial evidence supports that determination. Thus, the premise of Plaintiff's argument is not satisfied. Accordingly, the
6

Case 3:14-cv-05052-DGK   Document 12   Filed 05/18/15   Page 6 of 7

ALJ did not err in relying on the VE's answer to the hypothetical question, and the VE's testimony constitutes substantial evidence. *See Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) ("Testimony from a VE based on a properly-phrased hypothetical question constitutes substantial evidence.").

## Conclusion

Substantial evidence on the record supports the Commissioner's decision, and so the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:     May 18, 2015                              /s/ Greg Kays
                                                    GREG KAYS, CHIEF JUDGE
                                                    UNITED STATES DISTRICT COURT